IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:24-CR-71

DENNIS COLEMAN

### ORDER

On September 15, 2024, Dennis Coleman filed a one-sentence "Motion to Invoke Discovery" which says that he "filed this his Motion to Invoke Discovery pursuant to **Rule 16, Federal Rules of Criminal Procedure**." Doc. #24[1] at 1 (emphasis in original). The government did not respond to the motion.

The scheduling order entered July 17, 2024, specifies that "[r]equests for discovery required by FED. R. CRIM. P. 16 are hereby entered for the defendant[] by this order in this case." Doc. #12 at 1; *see id*. at 1–2. Given this, Coleman's motion to invoke Rule 16 discovery is unnecessary because the Court already ordered such. Consequently, the motion to invoke [24] is **DENIED as moot**.[2]

**SO ORDERED**, this 2nd day of October, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The docket text indicates that it is a motion "for Bill of Particulars *and Discovery*." But such appears to be the result of an event docketing error because the motion nowhere mentions a bill of particulars or Federal Rule of Criminal Procedure 7(f). *See* Doc. #24; Fed. R. Crim. Pro. 7(f) ("The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.").

[2] If Coleman believes the scheduling order does not sufficiently cover any Rule 16 discovery to which he believes he is entitled, he may renew his motion.